UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD ECKERLE | CIVIL ACTION |
| VERSUS | NO: 10-1460 |
| NORTHROP GRUMMAN SHIP, SYSTEMS, INC., ET AL. | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiff, Ronald Eckerle (Doc. #7), is **DENIED**.

## BACKGROUND

Plaintiff, Ronald Eckerle, filed this class action in the Civil District Court for the Parish of Orleans, State of Louisiana seeking to recover medical monitoring costs on behalf of himself and a class of similarly situated persons who were employed by Northrop Grumman Shipbuilding, Inc. f/k/a Northrop Grumman Ship Systems, Inc. f/k/a Avondale Industries, Inc. ("Northrop Grumman") and some of its former executives officers. The purported class consists of:

> All persons who were exposed to respirable asbestos fibers while working at the Avondale Shipyard Main Yard or Harvey Yard at any time prior to October 1, 1976, such that periodic medical monitoring is medically advisable.

Plaintiff alleges that the class includes thousands of people. Northrop Grumman, a citizen of Virginia, removed the action, alleging that the United States District Court for the Eastern District of Louisiana has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiff filed a motion to remand arguing that the federal district court does not have jurisdiction over this action under CAFA because it is primarily a local controversy.

## ANALYSIS

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)). Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." CAFA expands federal diversity jurisdiction over interstate class actions if there are more than 100 putative class members, the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and at least one class member is a citizen of a different state than one or more defendants. See 28 U.S.C. § 1332(d)(2). Citizenship is determined at the time the complaint or amended complaint was filed. 28 U.S.C. § 1332(d)(7). Sections 1332(d)(3) provides federal courts with discretionary authority to decline jurisdiction, and § 1332(d)(4) mandates that the court decline to exercise jurisdiction under certain circumstances.

Specifically, § 1332(d)(4) provides:

A district court shall decline to exercise jurisdiction under paragraph (2)--

    (A)(i) over a class action in which–

> > (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> > (II) at least 1 defendant is a defendant–
>
> > > (aa) from whom significant relief is sought by members of the plaintiff class;
>
> > > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
> > > (cc) who is a citizen of the State in which the action was originally filed; and
>
> > (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
>
> (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

**1.     Local Controversy Exception**

Plaintiff contends that this case fits the "local controversy" exception provided by § 1332(d)(4)(A). Plaintiff contends that more than two-thirds of the members of the class are from Louisiana, and he seeks significant relief from Northrop Grumman's former executives, who are mostly, if not all, citizens of Louisiana. Plaintiff also contends that all principal injuries were incurred in Louisiana, the state in which the action was originally filed. Additionally, plaintiff contends that there has not been a similar class action filed within the last three years.

3

Northrop Grumman argues that the "local controversy" exception is inapplicable because plaintiff does not seek significant relief from its former executives.[1] Northrop Grumman contends that the former executives, most of whom are deceased, do not have the ability to pay any judgment that may result, and that plaintiff will ultimately look to it, or to its insurers, to pay the costs associated with any judgment in plaintiff's favor.

### A. Significant Relief

A proposed plaintiff class seeks "significant relief" from a particular defendant when the relief sought from that defendant constitutes a significant portion of the entire relief sought by the class. Evans v. Walter Indus. Inc., 449 F.3d 1159, 1167 (11th Cir. 2006). "[W]hether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." Id.

Here, plaintiff seeks the implementation of a medical monitoring program, which is a costly item. Plaintiff contends that Northrop Grumman and its former executive officers engaged in the same harmful conduct of providing an unsafe working environment, and seeks the same relief from all defendants. However, Northrup Grumman is an active corporation, whereas its former executives are individuals, many of whom are deceased. Northrup Grumman has a much greater as ability to

---

[1] Northrup Grumman does not contest that greater than two-thirds of the putative class members are citizens of Louisiana or that the injuries were sustained in Louisiana. Northrup Grumman does argue that a similar action was filed within the last three years, but it is not necessary to address this argument due to the court's finding on "significant relief."

4

pay a potential judgment than the former executives. Therefore, the "local controversy" exception is inapplicable.

**2.      Home State Exception**

Plaintiff contends that this action fits the "home state" exception provided by § 1332(d)(4)(B), because two-thirds of the proposed class members are citizens of Louisiana and, the former executives of Northrup Grumman are primary defendants. Northrup Grumman contends that its former executives are not primary defendants because they would not be able to satisfy any judgment. Northrup Grumman also argues that all primary defendants must be citizens of Louisiana for the exception to apply, and that because it is a primary defendant and not a citizen of Louisiana, the exception does not apply.

Pursuant to the "home state" exception, a district court "shall" decline to exercise its jurisdiction over class actions in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and *the primary defendants* are citizens of the State in which the action was originally filed." 28 U.S.C.A. § 1332(d)(4)(B) (emphasis added). Indeed, "CAFA's home state exception is a fairly narrow one encompassing only those suits where at least two-thirds of the class members and *all of the primary defendants* are citizens of the same state." In re Hannaford Bros. Co. Customer Data Security Breach Litigation, 564 F.3d 75, 80 (1st Cir. 2009). Further, the Senate Report on CAFA states the following regarding "primary defendants":

> ... the Committee intends that "primary defendants" be interpreted to reach those defendants who are the real "targets" of the lawsuit-i.e., the defendants that would be expected to incur most of the loss if liability is found. Thus, the term "primary defendants" should include any person who has substantial exposure to significant portions of the

5

> proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of the proposed classes (as opposed to simply a few individual class members).

3 S.Rep. No. 109-14, at 43-44 (2005).

Because Northrup Grumman is a primary defendant, the "home state" exception is inapplicable.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiff, Ronald Eckerle (Doc. #7), is **DENIED**.

New Orleans, Louisiana, this  25th  day of June, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**