UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD ECKERLE | CIVIL ACTION |
| VERSUS | NO: 10-1460 |
| NORTHROP GRUMMAN SHIP, SYSTEMS, INC., ET AL. | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay All Proceedings, Including Discovery (Doc. #30) is **DENIED**.

## BACKGROUND

Plaintiff, Ronald Eckerle, filed this purported class action to recover medical monitoring costs in the Civil District Court for the Parish of Orleans, State of Louisiana on behalf of himself and a class of similarly situated persons who were employed by Northrop Grumman Shipbuilding, Inc. f/k/a Northrop Grumman Ship Systems, Inc. f/k/a Avondale Industries, Inc. ("Northrop Grumman"). The purported class consists of:

> All persons who were exposed to respirable asbestos fibers while working at the Avondale Shipyard Main Yard or Harvey Yard at any time prior to October 1, 1976, such that periodic medical monitoring is medically advisable.

Plaintiff alleges that the class includes thousands of people. Northrop Grumman removed the action, alleging that the United States District Court for the Eastern District of Louisiana has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiff filed a motion to remand, which the court denied, finding that the case does not fit the local controversy exception to CAFA.

Defendants, Northrop Grumman and American Motorist Insurance Company, OneBeacon America Insurance Company (f/k/a Commercial Union Insurance Company), American Employers Insurance Company, and The Travelers Indemnity Company (incorrectly identified as The Travelers Casualty & Surety Company), in their capacities as the alleged insurers of certain deceased executive officers of Avondale Industries, Inc., filed a motion to stay all proceedings, including discovery. Defendants argue that this matter should be stayed pursuant to the Colorado River abstention doctrine because there is a parallel action pending in the Louisiana state court, namely Bourgeois v. A.P. Green Indus., Inc., Civil Action No. 488-642, 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

## ANALYSIS

Pursuant to the Colorado River abstention doctrine, a district court may stay or dismiss a federal suit when there is a parallel suit pending in state court. Colorado River Water Conservation Dist. v. United States, 96 S.Ct. 1236 (1976). A federal and a state lawsuit are parallel when they have the same parties and the same issues. RepublicBank Dallas Nat. Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987). Under Colorado River, a district court may abstain from a case only under "exceptional circumstances." Colorado River, 96 S.Ct. at 1244. To determine whether

"exceptional circumstances" exist, the court examines six factors: (1) assumption by either court of jurisdiction over a *res*; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. Kelly Inv., Inc. v. Continental Common Corp., 315 F.3d 494, 497 (5th Cir. 2002).

Defendants argue that Bourgeois is a parallel state court suit, because in Bourgeois the plaintiffs seek to certify a class similar to the one sought in this matter. Specifically, the proposed class in Bourgeois consists of:

> All persons who were exposed to respirable asbestos fibers while working at the Avondale Shipyards Main Yard between and including 1952 and 1976 such that periodic medical monitoring is medically advisable.

Defendants contend that the proposed classes in this action and in Bourgeois overlap and the actions seek the same relief. Defendants argue that the factor test weighs in favor of abstention because neither court has obtained jurisdiction over a *res*, the forums are equally convenient, the state court obtained jurisdiction first, state law controls, and the parties' rights will be adequately protected in state court. Further, the defendants argue that staying this matter will avoid piecemeal litigation because a resolution in Bourgeois will affect the outcome of this matter.

Plaintiffs argue that the Colorado River abstention doctrine does not apply because there is no parallel state court lawsuit. Plaintiff argue that the parties are not the same because the class in this matter includes employees at the Harvey Yard, who are not included in the proposed class in

3

Bourgeois. Also, plaintiffs submit that an amended petition has been filed in the Bourgeois case that withdraws the class allegations, so this is the only purported class action against Avondale for medical monitoring.

The Colorado River abstention doctrine, applied only when there are parallel federal and state suits, i.e. the suits have the same parties and issues. Colorado River Water Conservation Dist., 96 S.Ct. 1236 (1976); RepublicBank Dallas Nat. Ass'n, 828 F.2d at 1121. Here, the Colorado River abstention doctrine does not apply because the federal and state suits do not have the same parties. The purported class in the federal suit includes employees at the Harvey Yard, whereas the purported class in the state suit did not. Further, plaintiffs have withdrawn the class allegations in Bourgeois via an amended petition.[1] Therefore, there is no parallel state action.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay All Proceedings, Including Discovery (Doc. #30) is **DENIED**.

New Orleans, Louisiana, this 18th day of August, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] Pursuant to Louisiana Code of Civil Procedure article 1151: "A plaintiff may amend his petition without leave of court at any time before the answer thereto is served." To date, no defendant has filed an answer in Bourgeois. Defendants herein argue that the Bourgeois plaintiffs cannot unilaterally amend their petition to withdraw the class allegations. Defendants have not offered any Louisiana authority to support this argument.

4